UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. _____

VISTA OUTDOOR OPERATIONS LLC,
a Delaware limited liability company,

       Plaintiff,

v.

CENTURY INTERNATIONAL ARMS CORPORATION,
a Florida for-profit corporation; and
CENTURY ARMS, INC., a Vermont for-profit corporation,

       Defendants.
_____/

## COMPLAINT

Plaintiff Vista Outdoor Operations LLC ("Plaintiff" or "Vista") sues Defendants Century International Arms Corporation and Century Arms, Inc. (collectively "Century Arms") for patent infringement and alleges:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Vista is a limited liability company organized under the laws of the State of Delaware. Vista is headquartered in Farmington, Utah.

2. Defendant Century International Arms Corporation is a corporation organized under the laws of the State of Florida, with its principal place of business in Palm Beach County, Florida.

3. Defendant Century Arms, Inc., is a corporation organized under the laws of the State of Vermont, with its principal place of business in Palm Beach County, Florida.

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

Case 9:19-cv-80146-DMM  Document 1  Entered on FLSD Docket 01/31/2019  Page 2 of 15

4. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 U.S.C. §§ 1, *et seq.*

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Century Arms because Century Arms conducts substantial and continuous business in this judicial district. Century Arms has offered, and continues to offer, products for sale in Florida through its dealers, through Century Arms' catalog, and through the internet. Plaintiff Vista alleges that at least one of these products infringes Vista's patents.

7. This Court has specific jurisdiction over Century Arms because it has committed acts giving rise to this action and has established minimum contacts within this judicial district such that the exercise of jurisdiction over Century Arms would not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this District under 28 U.S.C. § 1400(b) because, upon information and belief, both Defendants reside in, have their principal place of business in, and conduct regular and established business in this District, and Defendants have committed acts of infringement in this District.

2
WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

## **GENERAL ALLEGATIONS**

### *Vista*

9. Vista was founded in 2015 as a spinoff of Alliant Techsystems Inc. ("ATK").

10. Vista and its predecessor ATK have dedicated substantial time and resources towards researching, developing, acquiring, obtaining, and patenting innovative technology.

11. Vista is a leading designer, manufacturer, and marketer of innovative products that are sold to a broad range of end consumers, including outdoor enthusiasts, hunters, and recreational shooters, as well as law enforcement and military professionals.

12. Among other products, Vista markets and sells innovative and patented holsters for handguns and other firearm accessories.

13. On November 30, 2010, the United States Patent and Trademark Office (the "PTO") issued Patent No. 7,841,497 (the "497 Patent"), entitled "Holster Retention System." A true and correct copy of the 497 Patent is attached hereto as **Exhibit A**.

14. On July 2, 2013, the PTO issued Patent No. 8,474,670 (the "670 Patent"), entitled "Holster Retention System." A true and correct copy of the 670 Patent is attached hereto as **Exhibit B**.

15. Vista is the owner by assignment of all rights, title, and interest to and in the 497 Patent and the 670 Patent.

### *Century Arms*

16. Century Arms sells firearms and firearm accessories, including holsters for handguns. Century Arms sells its firearms and holsters through dealers located in Florida

and in other states. Century Arms also sells its firearms and holsters through catalog sales and internet sales directly to end users located in Florida and in other states.

17. As of June 20, 2016, Century Arms was offering to sell and selling CANIK handguns and polymer holsters that fit those CANIK handguns (the "Polymer Holsters").

18. Century Arms' Polymer Holsters include, but are not necessarily limited to, polymer holsters offered for sale and sold in connection with the following handguns: CANIK TP9; CANIK55 TP9; CANIK TP9SA; CANIK TP9SF; and CANIK TP9V2.

19. A true and correct picture of a Polymer Holster holding a CANIK55 TP9 handgun is attached hereto as **Exhibit C**.

20. A true and correct copy of a side view photograph of a Polymer Holster is attached as **Exhibit D**.

21. A true and correct copy of a top view photograph of a Polymer Holster is attached as **Exhibit E**.

22. Century Arms' Polymer Holsters incorporate important and valuable technical innovations that were patented in the 497 Patent and the 670 Patent.

23. Century Arms' Polymer Holsters infringe one or more claims of the 497 Patent.

24. Century Arms' Polymer Holsters infringe one or more claims of the 670 Patent.

25. Upon information and belief, Century Arms has enjoyed profits off sales of its infringing Polymer Holsters, without Vista's authorization, and without compensating Vista.

### Vista's Demand Letters to Century Arms

26. On or about June 20, 2016, Vista sent a demand letter to Century Arms. Vista attached a copy of the 497 Patent and the 670 Patent to its demand letter.

27. In its demand letter, Vista provided actual notice to Century Arms that Century Arms' Polymer Holsters infringed on the claims of the 497 Patent and the 670 Patent. Vista also demanded that Century Arms immediately cease making, using, offering to sell, and/or selling the infringing Polymer Holsters.

28. Nearly seven months later, during the week of January 9, 2017, a tradeshow took place in Columbia, South Carolina. Century Arms exhibited its products at a booth at this tradeshow. In its booth, Century Arms was still exhibiting and offering to sell the infringing Polymer Holsters in connection with CANIK handguns.

29. On or about January 13, 2017, Vista sent a second demand letter to Century Arms. Vista again demanded that Century Arms immediately cease and desist from selling and/or offering to sell infringing Polymer Holsters, including the Polymer Holsters that Century Arms was exhibiting and offering to sell in connection with CANIK handguns at the tradeshow in Columbia, South Carolina.

30. Upon information and belief, Century Arms continued to offer to sell and/or sell infringing Polymer Holsters even after January 13, 2017.

**COUNT I**
**(Infringement of the 497 Patent)**

31. Vista realleges and incorporates herein the allegations set forth in paragraphs 1 to 30 above.

32. Century Arms has directly infringed, and continues to directly infringe, at least claims 1-4, 6-17, 19, 22-23, and 25-30 of the 497 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by selling, and/or offering for sale in the United States and without authority the Polymer Holsters that infringe such claims.

33. For instance, claim 1 of the 497 Patent claims a holster for a handgun comprising "a cavity having an open top end, a bottom end, a frame/slide portion, and a trigger guard portion, wherein the frame/slide portion of the cavity has greater depth than the trigger guard portion of the cavity ... ."

34. As reflected in Exhibits D and E, the Polymer Holsters have a cavity with a top end, a bottom end, a frame/slide portion, and a trigger guard portion.

35. As reflected in Exhibits D and E, the Polymer Holsters also have a frame/slide portion of the cavity with greater depth than the trigger guard portion.

36. Claim 1 of the 497 Patent also claims "an axis defined along a side wall of the holster, wherein the axis extends from the open top end to the bottom end ... ."

37. As shown in Exhibits D and E, the Polymer Holsters are comprised of an axis defined along a side wall, and the axis extends from the open top end to the bottom end.

38. Claim 1 of the 497 Patent also claims "a lever having a finger button portion and an engagement portion, wherein the lever includes a first side facing generally away

6

from the holster cavity and a second side facing generally toward the holster cavity, and wherein the engagement portion of the lever includes a locking portion protruding from the second side of the engagement portion ... ."

39. As shown in Exhibits D and E, the Polymer Holsters have a lever with a finger button portion and an engagement portion.

40. The lever of the Polymer Holsters includes a first side facing generally away from the holster cavity and a second side facing generally toward the holster cavity.

41. The engagement portion of the lever of the Polymer Holsters includes a locking portion protruding from the second side of the engagement portion.

42. Claim 1 of the 497 Patent also claims a "lever [that] is positioned atop the side wall of the holster, and wherein the lever is pivotally attached atop the side wall of the holster, along the axis, approximately between the finger button portion and the engagement portion, such that the finger button portion extends from the axis and is situated above the frame/slide portion of the cavity and the engagement portion extends from the axis and is situated above the trigger guard portion of the cavity ... ."

43. As shown in Exhibits D and E, the Polymer Holsters have a lever that is positioned atop the side wall of the holster.

44. The Polymer Holsters also have a lever that is pivotally attached atop the side wall of the holster, along the axis, approximately between the finger button portion and the engagement portion, such that the finger button portion extends from the axis and is

situated above the frame/slide portion of the cavity and the engagement portion extends from the axis and is situated above the trigger guard portion of the cavity.

45. Claim 1 of the 497 Patent also claims "a ridge extending from the side wall around at least a portion of the lever so as to define a recess, wherein the lever is positioned within the recess ... ."

46. As shown in Exhibit D, the Polymer Holsters have a ridge extending from the side wall around at least a portion of the lever so as to define a recess.

47. The Polymer Holsters also have a lever positioned within the recess.

48. Claim 1 of the 497 Patent also claims "an aperture formed in a portion of the side wall beneath at least a portion of the finger button portion of the lever, wherein the aperture is formed within the recess."

49. As shown in Exhibit D, the Polymer Holsters have an aperture formed in a portion of the side wall beneath at least a portion of the finger button portion of the lever.

50. The Polymer Holsters also have an aperture formed within the recess.

51. Century Arms' Polymer Holsters directly infringe claim 1 of the 497 Patent, literally or under the doctrine of equivalents.

52. Century Arms' Polymer Holsters also directly infringe at least claims 2-4, 6-17, 19, 22-23, and 25-30 of the 497 Patent, literally or under the doctrine of equivalents.

53. Vista has suffered, and will continue to suffer, irreparable harm unless this Court enjoins Century Arms from infringing the 497 Patent pursuant to 35 U.S.C. § 283.

54. Vista has suffered damages as a result of Century Arms' infringement of the 497 Patent and is entitled to recover those damages pursuant to 35 U.S.C. § 284.

55. Century Arms' sales of the infringing holsters after Century Arms received Vista's demand letter dated June 20, 2016, constitutes willful infringement and Century Arms is liable for enhanced damages pursuant to 35 U.S.C. § 284.

56. Century Arms' disregard of Vista's demand letters concerning Century Arms' ongoing infringement, and Century Arms' continued sales of infringing holsters through its dealers and distributors, make this an exceptional case in which Century Arms is liable for Vista's attorneys' fees pursuant to 35 U.S.C. § 285.

WHEREFORE, Plaintiff Vista Outdoor Operations LLC demands the following relief against Defendants Century International Arms Corporation and Century Arms, Inc.:

(a) A judgment in favor of Vista declaring that Century Arms has infringed (either literally or under the doctrine of equivalents) one or more claims of the 497 Patent;

(b) A permanent injunction enjoining Century Arms and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with it, from infringing the 497 Patent;

(c) A judgment against Century Arms and in favor of Vista for its damages, costs, expenses, and pre-judgment and post-judgment interest for Century Arms' infringement of the 497 Patent;

(d) A judgment declaring that Century Arms engaged in willful infringement of the 497 Patent and ordering Century Arms to pay enhanced damages of three times the amount found or assessed;

(e) A judgment declaring that this is an exceptional case and awarding reasonable attorney's fees to Vista; and

(f) Any and all such further relief as the Court deems just and proper.

## COUNT II
### (Infringement of the 670 Patent)

57. Vista realleges and incorporates herein the allegations set forth in paragraphs 1 to 30 above.

58. Century Arms has directly infringed, and continues to directly infringe, at least claims 1-2, 4-7, 9-10, and 12-20 of the 670 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by selling, and/or offering for sale in the United States and without authority the Polymer Holsters that infringe such claims.

59. For instance, claim 1 of the 670 Patent claims a holster for a handgun comprising "a cavity having an open top end, a bottom end, a frame/slide portion and a trigger guard portion, wherein said frame/slide portion of said cavity has greater depth than said trigger guard portion of said cavity ... ."

60. As reflected in Exhibits D and E, the Polymer Holsters have a cavity with a top end, a bottom end, a frame/slide portion, and a trigger guard portion.

61. As reflected in Exhibits D and E, the Polymer Holsters have a frame/slide portion of the cavity with greater depth than the trigger guard portion.

62. Claim 1 of the 670 Patent also claims "an axis extending between said frame/slide portion of said cavity and said trigger guard portion of said cavity ... ."

63. Claim 2 of the 670 Patent clarifies that the "frame/slide portion" of the cavity need only "accept at least a portion of a frame/slide of a handgun."

64. Claim 2 of the 670 Patent also clarifies that the "trigger guard portion" of the cavity need only "accept at least a portion of a trigger guard of a handgun."

65. As shown in Exhibits D and E, the Polymer Holsters are comprised of an axis extending between the frame/slide portion, which accepts at least a portion of the frame/slide of a handgun, and the trigger guard portion of the cavity, which accepts at least a portion of a trigger guard of a handgun.

66. Claim 1 of the 670 Patent also claims "a lever having a finger button portion and an engagement portion, wherein said lever includes a second side facing generally toward said holster cavity, and wherein said engagement portion of said lever includes a locking projection extending from said second side of said engagement portion ... ."

67. As shown in Exhibit D, the Polymer Holsters have a lever with a finger button portion and an engagement portion.

68. The lever of the Polymer Holsters includes a second side facing generally toward the holster cavity.

69. The engagement portion of the lever of the Polymer Holsters includes a locking portion extending from the second side of the engagement portion.

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

70. Claim 1 of the 670 Patent also claims a "lever [that] is pivotally attached atop said side wall of said holster, along said axis, approximately between said finger button portion and said engagement portion, such that said finger button portion extends from said axis and is positioned above said frame/slide portion of said cavity and said engagement portion extends from said axis and is positioned above said trigger guard portion of said cavity ... ."

71. As shown in Exhibit D, the Polymer Holsters have a lever that is pivotally attached atop the side wall of the holster.

72. The Polymer Holsters also have a lever that is pivotally attached atop the side wall of the holster, along the axis, approximately between the finger button portion and the engagement portion, such that the finger button portion extends from the axis and is positioned above the frame/slide portion of the cavity and the engagement portion extends from the axis and is positioned above the trigger guard portion of the cavity.

73. Claim 1 of the 670 Patent also claims "one or more ridge segments extending from said side wall around at least a portion of said lever so as to define a recess, wherein said lever is positioned within said recess ... ."

74. As shown in Exhibit D, the Polymer Holsters have one or more ridge segments extending from the side wall around at least a portion of the lever so as to define a recess.

75. The Polymer Holsters also have a lever positioned within the recess.

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

76. Claim 1 of the 670 Patent also claims "an aperture formed in a portion of said side wall beneath at least a portion of said finger button portion of said lever, wherein said aperture is formed within said recess."

77. As shown in Exhibit D, the Polymer Holsters have an aperture formed in a portion of the side wall beneath at least a portion of the finger button portion of the lever.

78. The Polymer Holsters also have an aperture formed within the recess.

79. Century Arms' Polymer Holsters directly infringe claims 1 and 2 of the 670 Patent, literally, or under the doctrine of equivalents.

80. Century Arms' Polymer Holsters also directly infringe at least claims 4-7, 9-10, and 12-20 of the 670 Patent, literally, or under the doctrine of equivalents.

81. Vista has suffered, and will continue to suffer, irreparable harm unless this Court enjoins Century Arms from infringing the 670 Patent pursuant to 35 U.S.C. § 283.

82. Vista has suffered damages as a result of Century Arms' infringement of the 670 Patent and is entitled to recover those damages pursuant to 35 U.S.C. § 284.

83. Century Arms' sales of the infringing holsters after Century Arms received Vista's demand letter dated June 20, 2016, Century Arms' misrepresentation concerning redesigning its holsters to make them non-infringing, and Century Arms' continued sales of infringing holsters through its dealers and distributors, constitutes willful infringement and Century Arms is liable for enhanced damages pursuant to 35 U.S.C. § 284.

84. Century Arms' disregard of Vista's repeated demands concerning Century Arms' ongoing infringement, Century Arms' misrepresentation concerning redesigning its

holsters to make them non-infringing, and Century Arms' continued sales of infringing holsters through its dealers and distributors, make this an exceptional case in which Century Arms is liable for Vista's attorneys' fees pursuant to 35 U.S.C. § 285.

WHEREFORE, Plaintiff Vista Outdoor Operations LLC demands the following relief against Defendants Century International Arms Corporation and Century Arms, Inc.:

(a) A judgment in favor of Vista declaring that Century Arms has infringed (either literally or under the doctrine of equivalents) one or more claims of the 670 Patent;

(b) A permanent injunction enjoining Century Arms and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with it, from infringing the 670 Patent;

(c) A judgment against Century Arms and in favor of Vista for its damages, costs, expenses, and pre-judgment and post-judgment interest for Century Arms' infringement of the 670 Patent;

(d) A judgment declaring that Century Arms engaged in willful infringement and ordering Century Arms to pay enhanced damages of three times the amount found or assessed;

(e) A judgment declaring that this is an exceptional case and awarding reasonable attorney's fees to Vista; and

(f) Any and all such further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Vista demands a trial by jury of this action.

Respectfully submitted,

Dated: January 31, 2019    By:    */s Roger S. Kobert*
Roger S. Kobert (Fla. Bar No. 765295)
rkobert@wsh-law.com
WEISS SEROTA HELFMAN
COLE & BIERMAN, P.L.
2525 Ponce de Leon Boulevard, Suite 700
Coral Gables, FL 33134
(305) 854-0800

and

Craig S. Krummen (*not admitted to S.D.Fla.*)
ckrummen@winthrop.com
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
(612) 604-6400

*Attorneys for Plaintiff Vista Outdoor Operations LLC*